UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

|  |  |  |
|---|---|---|
| DAISY BLUE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-421 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

       This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) or supplemental security income (SSI) benefits.  On March 9, 2007, plaintiff filed her applications for benefits alleging an October 2, 2006 onset of disability.[1]  (A.R. 87-97).  Plaintiff's claims for benefits were denied on initial review.  (A.R. 42-50).  On May 21, 2009, she received an administrative hearing, at which she was represented by counsel.  (A.R. 20-37).  On September 1, 2009, the ALJ issued a decision finding that plaintiff was not disabled.  (A.R. 10-19).  On February 25, 2011, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

—————

       [1]SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335;  *see Kelley v. Commissioner*, 566 F.3d 347, 349 n. 5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004).  The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed.  Thus, April 2007 is plaintiff's earliest possible entitlement to SSI benefits.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the ALJ's decision should be overturned on the following grounds:

1.    The ALJ committed reversible error by not properly considering the opinions of two of plaintiff's treating physicians; and

2.    "The ALJ did not have substantial evidence to support his finding that Plaintiff could have performed substantial gainful activity because he based his opinion on an incomplete hypothetic[al] question to the vocational expert."

(Statement of Errors, Plf. Brief at 13, docket # 15). Plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, No. 11-2304, ___ F.3d ___, 2012 WL 3871353, at * 4 (6th Cir. Sept. 7, 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see*

*McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from October 2, 2006, through the date of the ALJ's decision. (A.R. 12). Plaintiff had not engaged in substantial gainful activity on and after October 2, 2006. (A.R. 12). The ALJ found that plaintiff had the following severe impairments: "multiple sclerosis and depression." (A.R. 12). Plaintiff did not have an impairment or combination of impairments which met or equaled the

requirements of the listing of impairments.  (A.R. 12).  The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 10 pounds occasionally, less than ten pounds frequently, stand and/or walk two hours in an eight-hour day and sit six hours in an eight-hour workday.  The claimant should avoid all exposure to unprotected heights and concentrated exposure to dangerous machinery in a work environment. She can occasionally climb stairs and ramps and balance but should never climb ropes, ladders, or scaffolds.  She is able to understand, remember and carry out at least simple instructions and non-detailed tasks and learn from instructions.  The claimant can demonstrate adequate judgement to make simple work-related decisions.  The claimant can respond adequately to co-workers and supervisors and adapt to routine/simple work changes.

(A.R. 13-14).  The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible.  (A.R. 14-17).  The ALJ found that plaintiff was unable to perform her past relevant work.  (A.R. 17).  Plaintiff was 39-years-old as of her alleged onset of disability and 42-years-old as of the date of the ALJ's decision.  Thus, at all times relevant to her claims for DIB and SSI benefits, plaintiff was classified as a younger individual.  (A.R. 17).  Plaintiff has at least a high-school education and is able to communicate in English.  (A.R. 17).  The transferability of jobs skills was not an issue because all plaintiff's past relevant work was unskilled.  (A.R. 17).  The ALJ then turned to the testimony of a vocational expert (VE).  In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 29,900 jobs in the State of Michigan that the hypothetical person would be capable of performing.  (A.R. 31-35).  The ALJ found that this constituted a significant number of jobs.  Using Rule 201.27 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled.  (A.R. 18-19).

**1.**

Plaintiff argues that the ALJ committed reversible error "by not properly considering" the opinions of two of her treating physicians: Russell Dempsey, M.D., and Charles Brummeler, M.D.  (Plf. Brief at 13-17; Reply Brief at 1-4).  The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner.   20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).  A treating physician's opinion that a patient is disabled is not entitled to any special significance.  *See* 20 C.F.R. §§ 404.1527(d)(1), (3), 416.927(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician.").  Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are administrative issues reserved to the Commissioner.  20 C.F.R. §§ 404.1527(d)(2), (3), 416.927(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference.  *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011).  "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician.  Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)).  A

treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 652 F.3d 653, 659-61 (6th Cir. 2011); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative

-6-

bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482

F.3d at 876; *see Rabbers v. Commissioner*, 582 F.3d 647, 657 (6th Cir. 2009).

A.      Dr. Brummeler

Plaintiff argues that the ALJ's decision should be overturned because "the ALJ never

even mentioned the Assessment of Dr. Brummeler (359-360) in his Opinion." (Plf. Brief at 13).  On

February 3, 2005, Dr. Brummeler completed a form for Michigan's Family Independence Agency.

He stated that plaintiff reported dizziness of unknown etiology.  He noted that there were no

pertinent abnormal findings.  (A.R. 359).  Plaintiff had no mental limitations.  (A.R. 360).  He

offered opinions that plaintiff could occasionally lift up to ten pounds and would be limited to less

than one hour of standing, less than one hour of walking, and less than four hours of sitting in an

eight-hour workday.  (A.R. 360).  Dr. Brummeler did not treat plaintiff at any time during the period

she claims to have been disabled.  (A.R. 140).  He was not a treating physician during the period at

issue:  October 2, 2006, through September 1, 2009.[2]  *See Torres v. Commissioner*, No. 11-3981,

2012 WL 3089334, at * 4 n.2 (6th Cir. July 12, 2012).  Because Dr. Brummeler was not a treating

physician, the ALJ was "not under any special obligation to defer to [his] opinions or to explain why

he elected not to defer to [them]."  *Karger v. Commissioner*, 414 F. App'x at 739, 744 (6th Cir.

2011).  "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite

specific evidence does not indicate that it was not considered."  *Daniels v. Commissioner*, 152 F.

---

[2]Plaintiff claimed an onset of disability more than twenty months after Dr. Brummeler gave his statement.  Even assuming that Brummeler was a treating physician when he made the statement, it was, at most, harmless error for the ALJ to fail to mention it, because it addressed plaintiff's condition on a date long before the period at issue.  *See Heston v. Commissioner*, 245 F.3d 528, 535-36 (6th Cir. 2001).

App'x 485, 489 (6th Cir. 2005); *see Boseley v. Commissioner*, 397 F. App'x 195, 199 (6th Cir. 2010).

  B. <u>Dr. Dempsey</u>

    Plaintiff argues that the ALJ failed to properly consider the opinions Dr. Dempsey expressed in a statement taken by plaintiff's attorney. (Plf. Brief at 13-17). On April 29, 2009, Attorney Thomas Stellard elicited a statement from Dr. Dempsey in support of plaintiff's applications for DIB and SSI benefits. (A.R. 398-400). Dempsey is plaintiff's family physician.[3] (A.R. 26, 398). He began treating plaintiff in 2005. (A.R. 398). He described plaintiff's MS as "very stable." (A.R. 399). He offered opinions that plaintiff probably would not "be successful working five days a week, eight hours a day," would probably miss days of work because she had "good days and bad days related to her MS and fatigue," and "would have trouble maintaining the energy level necessary to function at a very demanding job." (A.R. 398-400).

    On May 21, 2009, the ALJ conducted plaintiff's administrative hearing. On the same date, the ALJ wrote a letter to Dr. Dempsey, with a copy sent to plaintiff's attorney, asking Dr. Dempsey to clarify his statement and to provide supporting medical evidence:

> Dear Dr. Dempsey:
>
> A claim for disability benefits, filed by the above-named individual under the Social Security Act is before this office for hearing and decision. You provided a medical source statement dated April 29, 2009. Within that statement you stated that Ms. Blue's condition was stable and that your conclusions and restrictions were applicable from October 2, 2006 up to the present. I am contacting you to determine whether additional information is readily available to clarify your report/medical source statement because:

---

  [3]Timothy Thoits, M.D., is plaintiff's treating neurologist for her MS. (A.R. 27).

   _X_      it appears to contain conflicts and cannot be reconciled with the medical evidence of record including a functional capacity evaluation on May 22, 2007, which found Ms. Blue capable of light work, an unchanged neurological exam of October 29, 2007, and a broadly normal neuropsychological examination/evaluation of January 10, 2008, which only showed a very mild reduction in neurocognitive speed[;]

   _X_      it does not contain all the necessary information needed to assess the severity of the impairment(s) and appears to be based more upon what the patient is telling you than the findings upon examination[;]

   _X_      it does not appear to be based upon medically acceptable clinical and laboratory diagnostic techniques, particularly consistent MRI findings which demonstrate no objective progression of the disease process[;]

   _X_      it provides a statement of an opinion reserved to the Commissioner and the basis for that opinion is unclear[; and]

   _X_      it does not adequately address what the above-named individual can do in spite of the impairment(s).

Please provide medical records, a new report, or a more detailed report to support the source Statement. (20 CFR 404.1512(e)(1) and 20 CFR 416.912(e)(1)[)]. This additional information is required within ten days of this request.

All medical evidence provided for disability purposes should be based on a reasonable degree of medical certainty.

Your assistance in furnishing this information will facilitate the adjudication of this claim and will be greatly appreciated. A medical release form is enclosed.

(A.R. 216). The ALJ never received a response from Dr. Dempsey or plaintiff's attorney.

        The ALJ considered the opinions Dr. Dempsey offered in his statement and found that they were entitled to little weight:

The Administrative Law Judge considered an unsigned questionnaire dated April 29, 2009, allegedly completed by R. Dempsey, M.D., the claimant's primary care physician, at the request of the claimant's representative. Dr. Dempsey was of the opinion that the claimant could not work eight hours a day, five days a week, regularly and consistently, due to multiple sclerosis, visual tracking problems and dizziness. He further stated that the claimant had "good days and bad days related to her MS and fatigue," that she had variability in her day-to-day strength, and that she would have trouble maintaining the energy level necessary to function "at a very demanding job." Dr. Dempsey also stated that the claimant's multiple

sclerosis had been "very stable" but she did have some blurry vision that might affect her ability to read a book for more than five minutes (Exhibit 22F)[A.R. 398-400]. In a letter dated May 29, 2009, the undersigned wrote Dr. Dempsey with a copy to the claimant's attorney requesting clarification of the statements made. The statement indicated the observations were in effect since October 2, 2006. Dr. Dempsey was asked to clarify his conclusions after considering a functional capacity evaluation of May 22, 2007 which found the claimant was capable of light work, an unchanged neurological examination of October 29, 2007, and a basically normal neuropsychological evaluation of January 10, 2008. Dr. Dempsey declined to respond to this request which precludes the undersigned from placing significant weight on the statement of April 29, 2009, in light of demonstrated conflicts.

* * *

As previously stated, Dr. Dempsey's statement is not given controlling weight. He is not the claimant's treating multiple sclerosis specialist nor a psychiatrist or psychologist and the statement that the claimant could not maintain full-time work on a regular and continuing basis is not supported by other evidence of record. Moreover, the specific statement that the claimant "would have trouble maintaining the energy level necessary to function at a very demanding job," did not include a statement about the claimant's ability to perform less demanding work, i.e., the simple, routine and repetitive unskilled work contemplated by the medical-vocational guidelines. In addition, the statement was vague as to whether the claimant would miss days of work in a typical month by stating merely that "she probably would miss days." (Exhibit 22F)[A.R. 398-400].

(A.R. 16). I find that the ALJ complied with the requirements of the treating physician rule and that he provided good reasons for the weight he gave to Dr. Dempsey's opinions.

**2.**

Plaintiff argues that the ALJ "did not have substantial evidence to support his finding that Plaintiff could have performed substantial gainful activity because he based his opinion on an incomplete hypothetic[al] question to the vocational expert." (Plf. Brief at 13). Plaintiff argues that the ALJ's factual finding regarding her credibility is not supported by substantial evidence.

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary*

*of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).  The court does not make its own credibility determinations.  *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ."  *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005).  The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard.  This is a "highly deferential standard of review."  *Ulman v. Commissioner*, No. 11-2304, __ F.3d __, 2012 WL 3871353, at * 5 (6th Cir. Sept. 7, 2012).  "Claimants challenging the ALJ's credibility determination face an uphill battle."  *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005).  "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying."  *Jones*, 336 F.3d at 476.  "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."  *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The ALJ gave a lengthy and detailed explanation why he found that plaintiff's testimony regarding her subjective functional limitations was not fully credible.  (A.R. 14-17).  The ALJ's factual finding is supported by more than substantial evidence.

Plaintiff's challenge to the adequacy of the hypothetical question posed to the VE is a mere reformulation of her unsuccessful challenge to the ALJ's credibility determination.  The ALJ found that plaintiff's subjective complaints were not fully credible.  It is well settled that a

hypothetical question to a VE need not include unsubstantiated limitations. *See Carrelli v. Commissioner*, 390 F. App'x 429, 438 (6th Cir. 2010); *Gant v. Commissioner*, 372 F. App'x 582, 585 (6th Cir. 2010) ("[I]n formulating a hypothetical question, an ALJ is only required to incorporate those limitations which he has deemed credible."). The ALJ's hypothetical question included all the limitations he found to be credible.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  September 28, 2012              /s/  Joseph G. Scoville
                                        United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).